IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JUSTIN EUGENE PHILLIPS                                                                 PETITIONER

v.                              Civil Case No. 5:25-cv-05094

SHERIFF, BENTON COUNTY, ARKANSAS                                           RESPONDENT

**REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE**

On May 6, 2025, Petitioner filed his habeas corpus action seeking relief under 28 U.S.C. § 2241 (ECF No. 1) and an Amended Petition was filed on May 8, 2025. (ECF No. 3). It is alleged by Petitioner that, in multiple ongoing criminal cases[1] against him in Benton County, Arkansas, (a) the "affidavit used to establish probable cause contains all falsehoods and material admissions [and were] . . . made intentionally and with reckless disregard for the truth" and (b) Petitioner asks the Court to investigate Petitioner's motions which have not been addressed. *Id.* Since his 2241 habeas action was amended, Petitioner has filed an Emergency Motion for Order to Show Cause and Immediate Evidentiary Hearing (ECF No. 4) and Motion to Compel Ruling (ECF No. 5).

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES. Here, the Petition has not been served on

---

[1] Petitioner references cases pending in the Circuit Court of Benton County, Arkansas – CR 2024-6195; CR2024-6470; CR2024-5264; and CR 2025-277. When the undersigned accessed Arkansas Court Connect, four (4) cases were located as pending in the Circuit Court of Benton County, Arkansas against Petitioner, but with different case numbers: 04CR-25-97, 04CR25-98, 04CR-24-1928 and 04CR25-96.

Defendant, and following review, the undersigned finds this Court lacks jurisdiction and recommends dismissal of Plaintiff's action for the reasons stated herein.

## I.   Habeas Relief

As an initial matter, the undersigned must decide whether Petitioner is entitled to a writ of habeas corpus. Generally, to invoke a federal court's jurisdiction to review a petition for a writ of habeas corpus filed by a state court petitioner, a petitioner must be "a person in custody pursuant to the judgment of a State court ... in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Maleng v. Cook*, 490 U.S. 488, 490 (1989) ("The federal habeas statute gives the United States' district courts jurisdiction to entertain petitions for habeas relief only from persons who are in custody in violation of the Constitution or laws or treaties of the United States.") (cleaned up).   The habeas petition must describe a substantial infringement of a constitutional right and include a factual statement which, if true would entitle the petitioner to relief.   *Gardner v. Norris,* 949 F. Supp. 1359, 1368 (E.D. Ark.1996). The petition must state facts that point to a real possibility of constitutional error. *Blackledge v. Allison,* 431 U.S. 63, 75, fn. 1 (1977).   Importantly, a petition for habeas corpus is a challenge to the fact or duration of confinement. *See Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973) ("the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and the traditional function of the writ is to secure release from illegal custody").   Thus, for a federal district court to exercise subject matter jurisdiction over this matter, Petitioner must have been "in custody" at the time he filed his habeas petition. *See* 28 U.S.C. §§ 2241(c)(3), 2254(a); *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968).

Here, although Petitioner alleges habeas relief under § 2241, the undersigned analyzes the

claim under § 2254. Importantly, Petitioner does not allege he is being held in custody pursuant to any state court judgment. To the contrary, he admits several times in his amended petition that he has been held pre-trial since January 16, 2025, has not yet been brought to trial or convicted, and awaits adjudication of his multiple criminal cases.

The Court's independent review of his state court cases likewise indicates that Petitioner has not pled guilty or been convicted following a trial and has not been sentenced; to the contrary, he is in custody awaiting trial with pre-trial hearings scheduled in all four of his Benton County cases tomorrow, June 19, 2025. For this reason, 28 U.S.C. § 2254 relief is not available to Petitioner. *See Hirsch v. Smitley,* 66 F.Supp.2d 985, 986 (E.D. Wis.1999) ("Section 2254 applies only to collateral attacks on state court 'judgments' and therefore has no application in situations where the petitioner is awaiting trial on criminal charges"); *West v. Stahl,* 2008 WL 4104536, at *2 (E.D. Mo. 2008) (denying and dismissing pretrial detainee's § 2254 petition "because relief under § 2254 is only available post-judgment").

As noted, Petitioner alleges entitlement to habeas relief under 28 U.S.C. § 2241. Even so, it does not necessarily follow that Petitioner's current claims can be adjudicated on the merits in this proceeding. Ordinarily, a state detainee must await the entry of a final state court judgment to satisfy the exhaustion of state remedies requirement and qualify for federal habeas corpus review. *See Davis v. Mueller,* 643 F.2d 521, 525 (8th Cir.) (noting that the availability of federal habeas relief while state court proceedings are still pending is limited by the "'notion of comity'" and "the proper respect for state functions"), *cert. denied,* 454 U.S. 892 (1981). In *Younger v. Harris*, 401 U.S. 37 (1971), "the Supreme Court advanced the position that federal courts should refrain from interfering with pending state judicial proceedings absent extraordinary circumstances." *Harmon*

*v. City of Kansas City,* 197 F.3d 321, 325 (8th Cir.1999), *cert. denied*, 529 U.S. 1038 (2000). "'Absent extraordinary circumstances, federal courts should not interfere with the states' pending judicial processes prior to trial and conviction, even though the prisoner claims he is being held in violation of the Constitution.'" *Sacco v. Falke*, 649 F.2d 634, 636 (8th Cir.1981), quoting *Wingo v. Ciccone,* 507 F.2d 354, 357 (8th Cir.1974); *see also Carden*, 626 F.2d at 83–84 (federal courts will not interfere in state criminal proceedings before they become final except in "unusual," "extraordinary" or "special" circumstances).

There are few reported cases in which courts have found the type of "extraordinary circumstances" that allows for federal interference with ongoing (non-final) state criminal proceedings. Most of those cases involve double jeopardy claims. *See e.g., Satter v. Leapley,* 977 F.2d 1259, 1261 (8th Cir.1992) ("[a] claim that a state prosecution will violate the Double Jeopardy Clause presents an exception to the general rule of *Younger v. Harris*," and "[i]t is thus well established that federal district courts can entertain pretrial habeas petitions in which petitioner asserts an impending state trial violates the Double Jeopardy Clause"), citing *Mannes v. Gillespie,* 967 F.2d 1310, 1312 (9th Cir.1992), *cert. denied*, 506 U.S. 1048 (1993), and *Palmer v. Clarke*, 961 F.2d 771, 774 (8th Cir.1992). In *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973), the Supreme Court sanctioned pre-trial federal habeas review of a speedy trial claim, but even speedy trial claims normally are not subject to federal habeas review before the apposite state court proceedings have been fully completed.

Although Petitioner's current claims for relief are somewhat difficult to decipher, their central theme is further explained in his Emergency Motion – i.e., that there was not probable cause to charge him, that there are multiple evidentiary issues, that his motions are not being

4

addressed, that he is not receiving effective assistance of counsel, and that these and other defects entitle him to relief under *Braden, supra.* (ECF No. 4, pp. 2-5). Nothing in the amended petition, however, suggests he is attempting to bring to a double jeopardy or speedy trial claim, and Petitioner has not illustrated unusual, special or extraordinary circumstances. This failure, along with fact that Petitioner's criminal cases are all scheduled for a pre-trial hearing in the upcoming days, prompts the undersigned to apply the brakes of *Younger v. Harris.* The Circuit Courts of Benton County are entitled to proceed with Petitioner's criminal adjudication without interference of the federal courts, and thus, the undersigned recommends that Petitioner's amended petition for relief under § 2241 be dismissed.

## II.   Certificate of Appealability

As a second and final matter, under Section 2253(c)(2) of the United States Code, the undersigned must determine whether a certificate of appealability should be granted. A certificate should issue if the petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  It is recommended that Petitioner be denied a certificate of appealability and recommended that Petitioner be denied permission to appeal in forma pauperis because any appeal would not be taken in good faith. *See* Fed. R. App. P. 24(a)(4).

**Petitioner has fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**RECOMMENDED** this 18th day of June 2025.

*Christy Comstock*
_____
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE